# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NYOKA MINTER,<br>                Plaintiff, | CIVIL ACTION |
| v. | |
| ACME MARKETS, INC.,<br>                Defendant. | NO. 20-1087 |

DuBois, J.                                                                                                                   March 25, 2020

## **M E M O R A N D U M**

## I. INTRODUCTION

Plaintiff, Nyoka Minter, a New Jersey citizen, claims that on March 3, 2019 she slipped and fell on a wet floor at an Acme store located at 1619 Center Square Road, Swedesboro, New Jersey. Notice Removal Ex. A. Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia on January 29, 2020. *Id.* The Complaint asserts one count of negligence against defendant, Acme Markets, Inc., a Delaware corporation with its principal place of business in Idaho. *See Id.* at 2-3.

On February 26, 2020, defendant removed the case to this Court based on diversity of citizenship between the parties. *Id.* at 2. On March 3, 2020, defendant moved to dismiss the Complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1406(a). *Id.* at 3. Plaintiff responded on March 17, 2020. The motion is thus ripe for decision.

## II. DISCUSSION

Defendant argues that according to 28 U.S.C. § 1391(b), venue is improper in this district. Alternatively, defendant argues that the Court should transfer the case to the United

States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1406(a). The Court disagrees that venue is improper or that the case should be transferred pursuant to 28 U.S.C. § 1406(a). However, the Court concludes that the case should be transferred to the District of New Jersey under 28 U.S.C. § 1404(a).

### A. Venue in this District is Proper

Both parties assume in their briefing that venue in this action is governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States." *Id.* However, as the Supreme Court stated in *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953), § 1391 only applies to actions initially brought in federal court, not to actions—such as this one—which were originally filed in state court and subsequently removed to federal court. *Polizzi*, 345 U.S. 663, 665 ("[Section] 1391 has no application to this cause because it is a removed action."). Instead, "[v]enue of removed actions is governed by 28 U.S.C. § 1441(a)." *Id.*; *see also PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998) ("[T]he removal statute, [28 U.S.C. § 1441(a),] and not the ordinary federal venue statute, 28 U.S.C.A. § 1391[], governs venue in removed cases."); *Hollis v. Fla. State Univ.*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply. Instead, § 1441(a), . . . properly fixes the federal venue in that district."); *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 534 (6th Cir. 2002) ("Venue in removed cases is governed solely by § 1441(a)."); *St. Clair v. Spigarelli*, 348 F. App'x 190, 192 (8th Cir. 2009) ("Title 28 U.S.C. § 1441(a) governs the venue of removed actions."); 14C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3732 (4th ed. Aug. 2019) ("The general removal statute, Section 1441(a) of Title 28, provides that the venue of a removed case is 'the district and division embracing the place where such action is pending.'"). "Thus, once a case is

properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds." *Hollis*, 259 F.3d at 1299.

"Under Section 1441, venue is properly laid in the Court 'embracing the place where such action is pending.'" *Connors v. UUU Prods., Inc.*, No. CIV.A. 03-6420, 2004 WL 834726, at *5 (E.D. Pa. Mar. 15, 2004) (DuBois, J.) (quoting 28 U.S.C. § 1441(a)). Before removal, this case was pending in the Court of Common Pleas of Philadelphia, which is located in the Eastern District of Pennsylvania. *See* 28 U.S.C. § 118(a). Venue was therefore properly laid in this Court pursuant to Section 1441(a). Accordingly, defendant's motion to dismiss for improper venue is denied.

Additionally, transfer pursuant to 28 U.S.C. § 1406 is inappropriate. Section 1406 "states that if a district court concludes that a plaintiff has sued 'in the wrong division or district,' the district court 'shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought.'" *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 224 (3d Cir. 2016) (quoting 28 U.S.C. § 1406(a)). Because venue is proper in this district, the Court will not transfer the case to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

**B. Transfer to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a)**

Although venue is proper in this district, this case may still be transferred to the District of New Jersey pursuant to 28 U.S.C. § 1404(a), which provides that a federal district court may transfer a case when three conditions are met: (1) the civil action could have been properly brought initially in the proposed transferee federal court; (2) transfer will be more convenient for both the parties and the witnesses; and (3) the transfer will be in the "interest of justice." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). The Court may *sua sponte* transfer a case pursuant to 28 U.S.C.

§ 1404(a). *See Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 171 (3d Cir. 2011), as amended (Dec. 9, 2011) (recognizing *sua sponte* transfers under 1404(a)).

As an initial matter, transfer pursuant to § 1404(a) is proper only where "where both the original and the [proposed] venue are proper." *Jumara*, 55 F.3d at 878. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in the District of New Jersey—plaintiff slipped and fell in one of defendant's stores in Swedesboro, New Jersey. *See* 28 U.S.C. § 1391(b)(2). And, as discussed *supra*, venue is proper in this district.

Because both the original and the proposed venue are proper, the Court next considers the "private and public interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879. For the reasons stated below, the Court concludes that the public and private factors weigh in favor of transfer and that transfer is thus proper pursuant to § 1404(a).

  i. *Private Factors*

In *Jumara*, the Third Circuit articulated a non-exhaustive list of six factors underlying the private interests protected by § 1404(a). 55 F.3d at 879. The private interest factors include:

> [1] [P]laintiff's forum preference as manifested in the original choice; [2] the defendant's preference; [3] whether the claim arose elsewhere; [4] the convenience of the parties as indicated by their relative physical and financial condition; [5] the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and [6] the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Id.* (citations omitted).

Of these factors, only the plaintiff's choice of forum weighs against transfer in this case. However, "a plaintiff's choice of forum is given less weight 'where none of the operative facts of the action occur in the forum selected by plaintiff.'" *Lehr v. Stryker Corp.*, No. 09-2989, 2010

4

WL 3069633 at *3 (E.D. Pa. Aug. 4, 2010) (quoting *Nat'l Mortg. Network, Inc. v. Home Equity Ctrs., Inc.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988)). Moreover, a "plaintiff's choice of forum is also given less weight where plaintiff chooses a forum that is not his home forum." *Id.* As this case was brought by a New Jersey resident based on injuries she suffered from a slip and fall in New Jersey, plaintiff's choice of the Eastern District of Pennsylvania as a forum is afforded little weight.

The rest of the private factors either weigh in favor of transfer or are neutral.

  *ii. Public Factors*

The public factors identified by the Third Circuit in *Jumara* include:

> [1] the enforceability of the judgment; [2] practical considerations that could make the trial easy, expeditious, or inexpensive; [3] the relative administrative difficulty in the two fora resulting from court congestion; [4] the local interest in deciding local controversies at home; [5] the public policies of the fora; and [6] the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80 (citations omitted).

Of these, factors two and four weigh in favor of transfer while the others are neutral. Factor two—the practical considerations that could make trial easy, expeditious, or inexpensive—weighs in favor of transfer as plaintiff resides in the transferee forum. Additionally, factor four—the local interest in deciding local controversies—weighs in favor of transfer. "[W]hen the plaintiff is not a resident of his chosen forum, the court looks to 'where a majority of events took place in determining which district has a greater local interest.'" *Lehr*, 2010 WL 3069633 at *6 (quoting *Hamilton v. Nochimson*, No. CIV.A. 09-CV-2196, 2009 WL 2195138, at *4 (E.D. Pa. July 21, 2009)). As plaintiff sustained her injury in the District of New Jersey, that district has the greater interest in deciding the action.

The Court therefore concludes that the private and public factors set forth in *Jumara*

weigh in favor of transfer and that transfer to the District of New Jersey pursuant to § 1404(a) is proper.

## III. CONCLUSION

For the foregoing reasons, the Court denies Defendant, Acme, Markets, Inc.'s Motion to Dismiss Plaintiff's Complaint for Improper Venue and its alternative request for transfer to the District of New Jersey pursuant to 28 U.S.C. § 1406(a). The Court transfers the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1404(a).

An appropriate Order follows.